JANE PARSONS v. HANNAH C. VINING.[1]

December 13, 1901.

Nos. 12,872—(107).

**Specific Performance—Forfeiture.**

In an action for specific performance of a contract to convey land, *held* that the conclusion of law to the effect that there had been no forfeiture of the contract, and that the plaintiff was entitled to a conveyance of the land, is sustained by the trial court's findings of fact.

Action in the district court for Redwood county to compel specific performance of a contract for the sale of land. The case was tried before Webber, J., who made findings of fact, and as conclusion of law found that plaintiff was entitled to a conveyance of the premises upon payment into court for the benefit of defend-

[1] Reported in 88 N. W. 1.

ant of the amount found due upon the contract. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*A. C. Dolliff,* for appellant.

*Bowers & Howard,* for respondent.

START, C. J.

Action to compel specific performance of an executory contract for the sale of land made by the defendant to the plaintiff.

The complaint alleged that on September 1, 1896, the parties hereto entered into a contract in writing whereby the defendant sold and agreed to convey by deed of warranty the land described in the contract to the plaintiff, upon full performance of the terms and conditions of the contract on her part, which were to the effect that the plaintiff should pay to the defendant, as the purchase price of the land, $1,040, with interest payable annually from the date of the contract at the rate of eight per cent. per annum. Such purchase price was to be paid by the plaintiff delivering to defendant one-half of the grain raised on the land each year thereafter until the principal and interest were paid. The grain so delivered was to be sold, and the proceeds thereof applied to the payment of the interest, and the balance upon the principal. The defendant, however, had the right to pay in any year or years more than one-half of the grain raised, and have the extra payments applied upon the purchase price. The plaintiff also agreed to pay all taxes and impositions levied and assessed upon the land before they became delinquent. The contract further provided that in case of default by plaintiff in the performance of any of the covenants on her part the contract was to be void, at the election of the defendant; time being of the essence of the agreement. The complaint further alleged that the plaintiff, by virtue of the contract, entered into possession of the land, made permanent improvements thereon, and has kept and performed on her part all of the terms of the contract; that on December 6, 1900, plaintiff notified the defendant that she was ready to and would pay the balance of the purchase price, and demanded of defendant that she execute the deed provided for in the contract, but the defendant refused, and still refuses, to receive the money or deliver the deed; the plaintiff is now, and ever since December 6, 1900, has been, ready, able,

and willing to pay all of the balance upon receiving the deed, and avers that she will pay into court the balance of the purchase price for the use and benefit of the defendant whenever ordered or decreed so to do by the court.

The answer admitted the contract, but denied the other allegations of the complaint. It affirmatively alleged that the plaintiff had made default, and, further, that she allowed a mechanic's lien amounting to $137.57 for building material purchased by her to be filed against the land, which the defendant was compelled to pay; that upon the failure of plaintiff to perform the conditions, terms, and covenants of the contract by her to be performed, and as soon as the same came to the knowledge of the defendant, she gave due notice to the plaintiff of the cancellation of the contract.

The trial court found as a fact that each and every allegation of the complaint was true, and that the lien for $137.57 mentioned in the answer was filed, and that the defendant, to protect the title of the land, was compelled to and did pay the amount thereof on or about December 1, 1900; and, further, that on January 23, 1901, the defendant served written notice upon the plaintiff, which was made a part of the findings, which was to the effect that plaintiff had made default in crop payments under the terms of the contract for the sale of the land for the years 1897, 1898, 1899, and 1900, respectively, and in the payment of the sum paid by the defendant to protect the land from the mechanic's lien, and that such sums must be paid to her within twenty days, and, upon failure so to do the contract would be cancelled, to take effect February 23, 1901. The court also found that no deed of the land was tendered to the plaintiff by the defendant, and, further, that there is still due upon the purchase price of the land $1,299.75, with interest from December 6, 1900, and the amount paid by defendant to discharge the lien on the land. As a conclusion of law, the court found, in effect, that the contract had never been forfeited, and that upon making payment of the amount found due thereon the plaintiff would be entitled to a specific performance of the contract by the defendant. Judgment was entered in accordance with this conclusion, from which the defendant appealed.

The record contains no settled case or bill of exceptions, and the only assignment of error to be considered is to the effect that the conclusion of law of the trial court is not justified by its findings of fact. This case is an illustration of the saying that a clear statement of the facts of a cause is the best argument that can be made in its support; for, if attention be given to the facts found by the trial court, it is at once apparent that its conclusion of law was right. The court found as a fact that the plaintiff kept and performed on her part all of the terms of the contract, and on December 6, 1900, notified the defendant that she was ready to and would pay the balance of the purchase price of the land, and that she has ever since that date been ready and willing to pay it, but the defendant refused to accept the money. The conclusion necessarily follows from these facts that the rights of the plaintiff under the contract had never been forfeited or cancelled, and that upon payment of the amount found due she was entitled to a conveyance of the land. Neither the fact that the defendant, six days before the offer of payment by the plaintiff, paid the mechanic's lien, nor the fact that after such tender the defendant served a notice on the plaintiff of the cancellation of the contract, is inconsistent with the finding that all of the allegations of the complaint were true. There was no finding that the supposed facts recited in the notice were true. The defendant could not create a default on the part of the plaintiff by so declaring in her notice, if in fact none then existed. The defendant's counsel, however, claims that when the plaintiff suffered the lien to be filed she was in default, and the defendant had a right to terminate the contract. It is clear that this lien was not a tax or imposition that might be levied and assessed against the land; hence the mere fact that the defendant paid it did not give her a right to cancel the contract, and thereby terminate the plaintiff's rights in the land. By such payment she was subrogated to all the rights of the lienholder, and equitably entitled to foreclose the lien, or to require the payment of the amount thereof, before deeding the land to the plaintiff. This right the court, by its judgment, recognized and enforced.

Judgment affirmed.